**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FRED VILLANI,**

Plaintiff,

**vs.** **CASE NO. ________________________**

**SYNCHRONY BANK f/k/a**
**GE CAPITAL RETAIL BANK**
**and ALLIED INTERSTATE, LLC**
**(a Minnesota Company),**

Defendants.
__________________________________/

**COMPLAINT**
**JURY DEMAND**

## INTRODUCTION

1. Plaintiff alleges violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA") and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims). Venue in this District if proper because both Defendants placed telephone calls into this District.

## PARTIES

3. Plaintiff, Fred Villani is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Synchrony Bank formerly known as GE Capital Retail Bank ("Synchrony") is a chartered National Bank with a principal place of business at 170 West Election Road, Suite 125, Draper, Utah 84020.

5. Defendant, Allied Interstate, LLC ("Allied Interstate") is a limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business and corporate offices in Plymouth, Minnesota.

## FACTUAL ALLEGATIONS

6. On or about August 2013, Synchrony began placing numerous daily, repeated telephone calls to Plaintiff's cellular and home telephone numbers in an attempt to collect an alleged debt.

7. Specifically, Synchrony placed telephone calls to Plaintiff in an attempt to collect monies allegedly due on a Chevron and Texaco Credit Card account ending in 1668. Hereinafter referred to as the alleged debt.

8. The alleged debt arose from transactions incurred for personal, family, or household purposes.

9. Plaintiff's cellular telephone number is 813-[redacted]-4440.

10. Plaintiff is the regular user and carrier of the cellular telephone 813-[redacted]-4440.

11. Plaintiff's home telephone number is 813-[redacted]-3908.

12. On or about August 20, 2013, Plaintiff wrote to Synchrony stating, in relevant part: "I do not remember giving you or your affiliates my prior express consent to call me at either number, but if I have, I hereby withdraw and revoke that consent. Please don't call me at either number or give my number away to anyone." **A copy of the August 20, 2013 correspondence is attached hereto as Exhibit A.**

13. Synchrony received the August 20, 2013 correspondence on September 2, 2013. **A copy of the USPS Mailing Label and Track and Confirm information is attached hereto as Exhibit B.**

14. On September 3, 2013, Synchrony wrote to Plaintiff confirming it received Plaintiff's August 20, 2013 correspondence. **A copy of Synchrony's September 3, 2013 correspondence is attached hereto as Exhibit C.**

15. Thereafter, Synchrony continued to place numerous daily, repeated telephone calls to Plaintiff's cellular and home telephone numbers.

16. Specifically, Synchrony placed telephone calls to Plaintiff's home telephone number including, but not limited to, on or about the following dates and times:

September 2, 2013 at 1:11 PM

September 2, 2013 at 7:12 PM

September 3, 2013 at 8:34 AM

September 3, 2013 at 8:30 PM

September 4, 2013 at 10:25 AM

September 4, 2013 at 3:18 PM

September 4, 2013 at 8:26 PM

September 5, 2013 at 8:21 AM

September 5, 2013 at 12:36 PM

September 5, 2013 at 3:51 PM

September 5, 2013 at 6:41 PM

September 6, 2013 at 8:23 AM

September 6, 2013 at 12:36 PM

September 6, 2013 at 2:18 PM

September 6, 2013 at 8:22 PM

September 7, 2013 at 8:37 AM

September 7, 2013 at 2:57 PM

September 7, 2013 at 8:43 PM

September 9, 2013 at 9:30 AM

September 10, 2013 at 10:04 AM

September 10, 2013 at 3:31 PM

September 10, 2013 at 8:10 PM

September 11, 2013 at 10:35 AM

September 11, 2013 at 7:37 PM

September 11, 2013 at 8:21 PM

September 14, 2013 at 9:37 AM

September 14, 2013 at 1:07 PM

September 14, 2013 at 4:29 PM

September 14, 2013 at 8:51 PM

September 16, 2013 at 9:13 AM

September 16, 2013 at 2:59 PM

September 16, 2013 at 8:19 PM

September 17, 2013 at 8:28 AM

September 17, 2013 at 1:53 PM

September 17, 2013 at 4:23 PM

September 18, 2013 at 2:51 PM

September 18, 2013 at 7:27 PM

September 19, 2013 at 10:15 AM

September 19, 2013 at 2:35 PM

September 19, 2013 at 6:36 PM

September 19, 2013 at 8:50 PM

September 20, 2013 at 10:02 AM

September 20, 2013 at 11:53 AM

September 21, 2013 at 8:31 AM

September 21, 2013 at 11:42 AM

September 21, 2013 at 2:41 PM

September 21, 2013 at 3:23 PM

September 21, 2013 at 4:41 PM

September 21, 2013 at 8:50 PM

September 22, 2013 at 8:19 AM

September 22, 2013 at 8:32 AM

September 22, 2013 at 11:33 AM

September 23, 2013 at 12:52 PM

September 24, 2013 at 9:11 AM

September 24, 2013 at 1:08 PM

September 24, 2013 at 2:58 PM

September 24, 2013 at 4:59 PM

September 24, 2013 at 6:30 PM

September 25, 2013 at 9:26 AM

September 25, 2013 at 10:35 AM

September 25, 2013 at 12:23 PM

September 25, 2013 at 7:24 PM

September 26, 2013 at 9:11 AM

September 26, 2013 at 2:23 PM

September 26, 2013 at 5:10 PM

September 26, 2013 at 8:06 PM

September 27, 2013 at 8:59 AM

September 27, 2013 at 11:33 AM

September 27, 2013 at 3:55 PM

September 27, 2013 at 6:36 PM

September 28, 2013 at 9:41 AM

September 28, 2013 at 2:12 PM

September 28, 2013 at 4:00 PM

September 28, 2013 at 6:35 PM

September 29, 2013 at 9:07 AM

September 29, 2013 at 1:48 PM

September 29, 2013 at 3:53 PM

September 29, 2013 at 8:26 PM

September 30, 2013 at 9:58 AM

September 30, 2013 at 2:56 PM

September 30, 2013 at 8:09 PM

October 1, 2013 at 8:32 AM

October 2, 2013 at 10:25 AM

October 2, 2013 at 2:08 PM

October 2, 2013 at 7:31 PM

October 3, 2013 at 10:58 AM

October 3, 2013 at 12:41 PM

October 3, 2013 at 5:53 PM

October 3, 2013 at 8:13 PM

October 4, 2013 at 9:27 AM

October 4, 2013 at 2:49 PM

October 4, 2013 at 6:17 PM

October 4, 2013 at 7:36 PM

October 5, 2013 at 8:46 AM

October 5, 2013 at 10:20 AM

October 5, 2013 at 11:30 AM

October 5, 2013 at 1:34 PM

October 5, 2013 at 3:01 PM

October 6, 2013 at 9:09 AM

October 6, 2013 at 12:12 PM

   October 6, 2013 at 4:30 PM

   October 6, 2013 at 7:57 PM

   October 7, 2013 at 8:33 AM

   October 7, 2013 at 11:10 AM

   October 7, 2013 at 2:55 PM

   October 7, 2013 at 6:48 PM

   October 8, 2013 at 8:54 AM

   October 8, 2013 at 9:24 AM

   October 8, 2013 at 1:52 PM

   October 8, 2013 at 8:08 PM

   October 9, 2013 at 9:36 AM

   October 9, 2013 at 3:35 PM

   October 9, 2013 at 8:34 PM

   October 10, 2013 at 9:44 AM

   October 10, 2013 at 5:09 PM

   October 10, 2013 at 7:28 PM

   October 11, 2013 at 9:29 AM

   October 11, 2013 at 1:46 PM

   October 11, 2013 at 8:29 PM

  17.  Specifically, Defendant placed telephone calls to Plaintiff's cellular telephone including, but not limited to, on or about the dates stated:

   September 4, 2013 at  10:25 AM

   September 4, 2013 at 3:18 PM

September 5, 2013 at 12:38 PM

September 5, 2013 at 8:23 AM

September 7, 2013 at 8:38 AM

September 7, 2013 at 2:57 PM

September 7, 2013 at 6:22 PM

September 10, 2013 at 8:11 PM

September 17, 2013 at 1:54 PM

September 17, 2013 at 5:59 PM

September 18, 2013 at 9:52 AM

September 18, 2013 at 2:52 PM

September 19, 2013 at 8:28 AM

September 19, 2013 at 2:36 PM

September 19, 2013 at 6:37 PM

September 20, 2013 at 10:03 AM

September 20, 2013 at 11:54 AM

September 21, 2013 at 2:42 PM

September 21, 2013 at 2:42 PM

September 23, 2013 at 12:53 PM

September 24, 2013 at 9:12 AM

September 24, 2013 at 1:08 PM

September 25, 2013 at 10:36 AM

September 25, 2013 at 7:36 PM

September 26, 2013 at 9:13 AM

September 26, 2013 at 2:24 PM

September 27, 2013 at 8:59 AM

September 27, 2013 at 3:55 PM

September 27, 2013 at 6:37 PM

September 28, 2013 at 9:42 AM

September 28, 2013 at 2:13 PM

September 28, 2013 at 6:36 PM

September 29, 2013 at 9:07 AM

September 29, 2013 at 3:54 PM

September 30, 2013 at 9:59 AM

September 30, 2013 at 1:47 PM

October 2, 2013 at 7:32 PM

October 3, 2013 at 10:58 AM

October 3, 2013 at 12:42 PM

October 4, 2013 at 9:28 AM

October 4, 2013 at 2:50 PM

October 4, 2013 at 6:18 PM

October 5, 2013 at 11:31 AM

October 5, 2013 at 3:30 PM

October 6, 2013 at 9:09 AM

October 7, 2013 at 11:11 AM

      October 7, 2013 at 6:59 PM

      October 8, 2013 at 9:25 AM

      October 8, 2013 at 1:53 PM

      October 9, 2013 at 9:37 AM

      October 9, 2013 at 3:35 PM

      October 9, 2013 at 8:35 AM

      October 10, 2013 at 9:46 AM

      October 10, 2013 at 5:10 PM

      October 10, 2013 at 7:32 PM

      October 11, 2013 a t 9:29 AM

18. All of the telephone calls placed by Synchrony described above originated from telephone number 913-789-2187.

19. The telephone calls placed by Synchrony described above were made using an automatic telephone dialing system.

20. The telephone calls placed by Synchrony described above were made using an artificial or pre-recorded voice. Specifically, many of the telephone calls above resulted in the following pre-recorded message being left on Plaintiff's voicemail system:

> This is an important message from GE Capital Retail Bank regarding Chevron and Texaco. Please call today at 1 888 554 1388. Our hours of operation are Monday through Thursday 8 o'clock AM to midnight, Friday 8 o' clock AM to ten o' clock PM and Saturday and Sunday 8 o'clock AM to four thirty PM Eastern Standard Time. Our mailing address is 170 West Election Road, Suite 125, Draper, Utah 84020. Thank you.

21. None of Synchrony's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

22. Synchrony willfully or knowingly violated the TCPA.

23. On or about October 22, 2013, Synchrony authorized Allied Interstate to collect the alleged debt from Plaintiff by placing telephone calls to Plaintiff.

24. Thereafter, Allied Interstate placed numerous daily, repeated telephone calls to Plaintiff's home and cellular telephone numbers.

25. Specifically, Allied Interstate placed telephone calls to Plaintiff's home telephone number including, but not limited to, on or about the dates stated:

October 22, 2013 at 8:26 AM

October 22, 2013 at 9:34 AM

October 22, 2013 at 10:39 PM

October 23, 2013 at 8:28 AM

October 23, 2013 at 9:36 AM

October 23, 2013 at 10:41 AM

October 24, 2013 at 8:25 AM

October 24, 2013 at 9:40 AM

October 24, 2013 at 10:50 AM

October 25, 2013 at 8:31 AM

October 25, 2013 at 9:36 AM

October 26, 2013 at 8:25 AM

October 26, 2013 at 9:33 AM

        October 26, 2013 at 10:40 AM

        October 27, 2013 at 8:22 AM

        October 27, 2013 at 9:31 AM

        October 27, 2013 at 10:37 AM

        October 28, 2013 at 8:26 AM

        October 28, 2013 at 9:35 AM

        October 28, 2013 at 10:43 AM

        October 29, 2013 at 8:21 AM

        October 29, 2013 at 9:30 AM

        October 29, 2013 at 10:34 AM

        October 31, 2013 at 8:26 AM

        October 30, 2013 at 9:34 AM

        October 30, 2013 at 10:40 AM

        October 31, 2013 at 8:23 AM

        October 31, 2013 at 9:32 AM

        October 31, 2013 at 10:40 AM

        November 1, 2013 at 9:33 AM

        November 1, 2013 at 10:37 AM

26.     Specifically, Allied Interstate placed telephone calls to Plaintiff's cellular telephone number including, but not limited to, on or about the dates stated:

        October 22, 2013 at 10:20 AM

        October 22, 2013 at 11:35 AM

October 23, 2013 at 8:19 AM

October 23, 2013 at 9:25 AM

October 23, 2013 at 10:29 AM

October 23, 2013 at 11:34 AM

October 24, 2013 at 8:17 AM

October 24, 2013 at 9:26 AM

October 24, 2013 at 10:37 AM

October 24, 2013 at 11:43 AM

October 27, 2013 at 10:34 AM

October 27, 2013 at 11:42 AM

October 28, 2013 at 8:17 AM

October 28, 2013 at 9:25 AM

October 28, 2013 at 10:29 AM

October 28, 2013 at 11:35 AM

October 29, 2013 at 8:16 AM

October 29, 2013 at 9:22 AM

October 29, 2013 at 10:29 AM

October 29, 2013 at 11:33 AM

October 31, 2013 at 8:15 AM

October 31, 2013 at 9:26 AM

October 31, 2013 at 10:36 AM

October 31, 2013 at 11:41 AM

       November 1, 2013 at  8:16 AM

       November 1, 2013 at  9:24 AM

       November 1, 2013 at 10:32 AM

       November 1, 2013 at 11:37 AM

       November 2, 2013 at 8:17 AM

       November 2, 2013 at 9:22 AM

27. All of the telephone calls placed by Allied Interstate described above originated from telephone number 877-474-9923.

28. Plaintiff answered one or more of Allied Interstate's telephone calls described above and experienced either a delay before being transferred to a live person, silence, or a pre-recorded voice asking to wait to be transferred to a live person, indicating that Allied Interstate used an automatic telephone dialing system to place the telephone calls to Plaintiff.

29. The recognizable pattern of telephone calls every day at almost exactly the same time each day also indicates that Allied Interstate used an automatic telephone dialing system to place the telephone calls to Plaintiff.

30. None of Allied Interstate's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

31. Allied Interstate's telephone calls to Plaintiff on behalf of Synchrony bank violated the TCPA.

32. As the creditor on whose behalf Allied Interstate placed the telephone calls to Plaintiff, Synchrony is responsible for Allied Interstate's violations of the TCPA.

See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008) ("Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.")

33. The frequency and persistence of Synchrony's telephone calls to Plaintiff even after receiving a written request from Plaintiff to cease such calls can reasonably be expected to harass Plaintiff.

34. The frequency and persistence of Allied Interstate's telephone calls to Plaintiff on behalf of Synchrony can reasonably be expected to harass Plaintiff.

**COUNT I – SYNCHRONY**
**WILLFUL TELEPHONIC HARASSMENT AND ABUSE BY FREQUENT CALLING IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

35. Plaintiff incorporates Paragraphs 1 through 34 above as if fully set forth herein.

36. Synchrony willfully communicated with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Synchrony for:

a. Damages;
b. Attorney's fees, litigation expenses and costs of suit; and
c. Such other or further relief as the Court deems proper.

**COUNT II – SYNCHRONY**
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

37. Plaintiff incorporates Paragraphs 1 through 15, 17 through 22 above as if fully set forth herein.

38. Synchrony placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Synchrony for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

**COUNT III – SYNCHRONY AND ALLIED INTERSTATE**
**AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**

39. Plaintiff incorporates Paragraphs 1 through 14 and 23 through 32 above as if fully set forth herein.

40. Allied Interstate acting on behalf of Synchrony placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and jointly and severally against Synchrony and Allied Interstate for:

a. Damages;

b. A declaration that Defendant's debt collection practices violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

d. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ James S. Giardina
[ X] James S. Giardina – Trial Counsel
Fla. Bar No. 0942421
[ ] Kimberly H. Wochholz
Fla. Bar No. 0092159
**The Consumer Rights Law Group, PLLC**
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***